Larry W. Lee (SBN 228175)
lwlee@diversitylaw.com
Kristen M. Agnew (SBN 247656)
kagnew@diversitylaw.com
Nicholas Rosenthal (SBN 268297)
nrosenthal@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554

William L. Marder, Esq. (SBN 170131)
bill@polarislawgroup.com
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TOBIN, as an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> RYDER TRUCK RENTAL, INC., a Florida corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 5:20-cv-01569-JGB-SHK <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date:     July 26, 2021 <br> Time:     9:00 A.M. <br> Location: Courtroom 1 <br>               3470 Twelfth Street <br>               Riverside, CA 92501 |

---

1

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that at 9:00 a.m., on July 26, 2021, or as soon thereafter as the matter can be heard in Courtroom 1 of the United States District Court, Central District of California, located at 3470 Twelfth Street, Riverside, California 92501, before the Honorable Jesus G. Bernal, Plaintiff Richard Tobin ("Plaintiff") will and hereby does move this Court for an Order finally approving the proposed class action settlement. Specifically, Plaintiff respectfully requests that the Court issue an Order granting final approval of the proposed class action settlement.

    Given that this is a Motion for Final Approval of a Settlement reached with Defendant Ryder Truck Rental, Inc. ("Defendant") (Defendant and Plaintiff are collectively referred to as the "Parties"), Plaintiff does not anticipate that Defendant will oppose this Motion.

    This Motion is based upon this Notice of Motion and Motion for Final Approval of Class Action Settlement, the attached Memorandum of Points and Authorities in Support, the accompanying Declarations of Larry W. Lee, Kristen M. Agnew, Nicholas Rosenthal, William L. Marder, Richard Tobin, and Jarrod Salinas of Simpluris, Inc., any oral argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.

DATED: June 28, 2021                DIVERSITY LAW GROUP

                                            By: /s/ Nicholas Rosenthal
                                                Larry W. Lee
                                                Kristen M. Agnew
                                                Nicholas Rosenthal
                                          Attorneys for Plaintiff and the Class

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................7

II. THE SETTLEMENT PROCESS HAS BEEN DUTIFULLY ADHERED TO AND SUCCESSFULLY CARRIED OUT ......................................................7

    A. Dissemination of Notice........................................................................7

    B. No Objections Have Been Filed To Date and Three Exclusions Have Been Requested.......................................................................................8

III. OVERVIEW OF ISSUES AND ARGUMENT .................................................8

IV. LITIGATION HISTORY AND INVESTIGATION .......................................9

    A. Factual Allegations ................................................................................9

    B. Procedural Background.......................................................................10

        1. Summary of the Litigation ..........................................................10

        2. Summary of the Investigation and Discovery ............................11

V. THE SETTLEMENT ..........................................................................................11

VI. THE SETTLEMENT EXCEEDS THE STANDARDS FOR FINAL APPROVAL ..........................................................................................................12

    A. The Strength of Plaintiff's Case Supports Settlement .......................13

    B. Risks, Expense, and Duration of Continued Litigation Supports Settlement..............................................................................................13

    C. The Settlement Amount Favors Settlement .......................................14

    D. The Extent of Investigation Favors Settlement .................................16

    E. The Recommendations of Counsel Favor Approval of the Settlement 16

    G. The Procedure Through Which the Settlement Was Achieved Supports Final Approval .......................................................................17

    H. Each Class Member Has Been Informed of The 180 Day Deadline To Deposit The Settlement Checks, Will Be Informed of This Deadline

**Again, And Will Not Lose the Right To Claim the Money If They Fail To Timely Deposit The Check** ................................................................................. 19

**VII. CONCLUSION** .................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Armstrong v. Board of Sch. Dirs.*, 616 F.2d 305, 325 (7th Cir. 1980) ....................16

*Bellinghausen v. Tractor Supply Co.*, No. 13-CV-02377-JSC, 2015 WL 1289342, at *6 (N.D. Cal. Mar. 20, 2015) .........................................................................14

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).............................16

*Chun–Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010) ................................................................................................................ passim

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) ....................17

*Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)............................12

*Dyer v. Wells Fargo Bank, N.A.*, 2014 WL 5369395, at *3 (N.D. Cal. Oct. 22, 2014) ................................................................................................ 13, 17

*Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980)..................16

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ..................... 12, 18

*In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir.2000)............. 14, 16

*In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ........17

*Joel A. v. Giuliani*, 218 F.3d 132, 138 (2nd Cir. 2000) ..........................................12

*Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) ...............................16

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).................19

*McKenzie v. Federal Express Corp.* (C.D. Cal. Case No. CV10-02420 GAF) ......15

*Moore v. Verizon Commc'ns Inc.*, 2013 WL 4610764, at *5 (N.D. Cal. Aug. 28, 2013)..................................................................................................................13

*Officers for Justice v. Civil Service Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th. Cir. 1982)................................................................ 17, 19

*Pallas v. Pacific Bell*, 1999 WL 1209495, at *6 (N.D. Cal. July 13, 1999)............17

*Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983) .......................16

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009)........................18

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1  *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) .......................... 16, 18

**State Cases**

*Merchant v. OfficeTeam* (Los Angeles Superior Court Case No. BC461652) ....... 15

**Statutes**

Labor Code § 226(a) ................................................................................ passim

Labor Code § 2698, *et seq*. ...................................................................... 8, 9, 10

Labor Code § 2699.3 ..................................................................................... 10

**Other Authorities**

Alba Conte & Herbert B. Newberg, *4 Newberg on Class Actions* § 11.45 (4th ed. 2002) ............................................................................................... 14, 18

*Manual for Complex Litigation, Fourth* § 21.6 (Fed. Jud. Ct., 4th ed. 2004) .. 17, 18

**Rules**

Federal Rule of Civil Procedure 23(e) ............................................................ 12

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion, Plaintiff Richard Tobin ("Plaintiff") seeks final approval of a class-wide settlement reached between Plaintiff and Defendant Ryder Truck Rental, Inc. ("Defendant") (Defendant and Plaintiff are collectively referred to as the "Parties"). On April 8, 2021, this Court granted preliminary approval of this class action settlement. (Docket No. 24.) The Parties now seek this Court's final approval of the settlement.

The settlement requires Defendant to pay a total of Four Hundred Fifty Thousand Dollars ($450,000.00), a sum which represents a substantial recovery for the members of the Class. **Again, this settlement is non-reversionary, such that no monies will revert back to Defendant.** Further, there was no claims process, such that Class Members will automatically receive their payment so long as they did not opt-out. Class Members were given an opportunity to object or opt-out of the settlement. There were **no objectors** and **no opt out** requests. Accordingly, this shows that the Class Members have reacted favorably to the settlement. Thus, all Class Members will automatically be issued a settlement check. Moreover, all of this Court's orders concerning dissemination of Notice of Class Settlement have been scrupulously followed.

Based thereon, Plaintiff respectfully requests that final approval be granted in its entirety.

## II. THE SETTLEMENT PROCESS HAS BEEN DUTIFULLY ADHERED TO AND SUCCESSFULLY CARRIED OUT

### A. Dissemination of Notice

As noted above, preliminary approval was granted on April 8, 2021. (Docket No. 24.) Plaintiff provided the Notice to the Court-approved Settlement Administrator, Simpluris, Inc. ("Settlement Administrator"). The Parties, through the work of the Settlement Administrator, have complied with this Court's orders

concerning dissemination of the class notice. (Declaration of Jarrod Salinas Regarding Notice and Settlement Administration ("Admin. Decl.") ¶¶ 3-9.)

The Notice was mailed to the class of 358 individuals utilizing the data provided by Defendant. (Admin. Decl. ¶¶ 5-7.) Of those, 2 were returned and remailed to the forwarding address listed and 4 were remailed after updated addresses were located through advanced address searches. (*Id.* ¶¶ 8-9.) The total number of undeliverable class notices was 1. (*Id.* ¶ 9.) This represents a 99.7% notice success rate.

### B. No Objections Have Been Filed To Date and Three Exclusions Have Been Requested

As of the date of this Motion, not a single individual has filed any objection or requested to opt-out of the current settlement resulting in a 100% participation rate, further evidencing the favorable view of the settlement from Class Members. (Admin. Decl. ¶¶ 10-11.)

### III. OVERVIEW OF ISSUES AND ARGUMENT

As discussed in detail in the previously filed Motion for Preliminary Approval (Docket No. 23), and briefly mentioned above, the class claim at issue in this lawsuit arises out of Defendant's issuance of itemized wage statements (i.e., pay stubs), which every employer is required to do in California pursuant to Labor Code § 226(a). Plaintiff alleges that as a matter of corporate policy, practice and procedure, each and every wage statement issued by Defendant to the Class Members did not identify the applicable hourly rates of pay and number of hours worked when "Premium" and/or "ONCALPAY" wages were paid. Instead, the wage statements only identified the gross amount of wages earned for "Premium" and/or "ONCALPAY" wages. As a result of such conduct, Plaintiff asserts that the wage statements violated Labor Code § 226(a). As a result of such violations, Plaintiff alleged that Defendant was liable for penalties pursuant to Labor Code § 226(e) and Labor Code § 2698, *et seq*.

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Defendant, however, disagrees with Plaintiff's contentions and believes that Plaintiff's claims are without merit. In particular, Defendant contends that its wage statements comply with the requirements of Labor Code § 226 and that Plaintiff suffered no injury as a result of any alleged noncompliance. Defendant further contends that Plaintiff's state law claims are preempted by the Labor Management Relations Act ("LMRA") and that, at most, Plaintiff may represent only those individuals who were covered by the same collective bargaining agreement as Plaintiff.

Further, to the extent that any appeals would have to be taken, Plaintiff and the Class would not have received any compensation from this case until such appeals were exhausted and assuming that the appeal was decided in Plaintiff's favor. Therefore, Plaintiff and the Class would have faced substantial risk in proceeding with the litigation had a settlement not been reached.

The negotiations were hard fought and contentious. As a result thereof, the parties have reached the current settlement, which provides for a total settlement sum of Four Hundred Fifty Thousand Dollars ($450,000.00), inclusive of payments to settlement class members, class representative enhancement payment, attorneys' fees and costs, payment to the State of California, and settlement administration costs.

### IV. LITIGATION HISTORY AND INVESTIGATION

#### A. Factual Allegations

On June 1, 2020, Plaintiff filed a class and representative action complaint in the Superior Court of California, Cournty of Riverside, asserting claims against Defendant for alleged violation of the California Labor Code for failure to provide accurate itemized wage statements in violation of California Labor Code §§ 226 and 2698, *et seq.*, the Private Attorneys General Act (the "PAGA") ("Complaint" or the "Action"). (Declaration of Nicholas Rosenthal ("Rosenthal Decl.") ¶ 2.) The operative Class Definition in this matter is:

> "All current and former non-exempt employees of Defendant in California who were paid premium pay and/or on-call pay and received an itemized wage statement that did not include either hours and/or rate associated therewith, at any time during the Class Period [i.e., from March 30, 2019 through October 14, 2020]"

(Docket No. 26.)

The Action asserts claims for statutory damages, civil penalties under the PAGA, interest, attorneys' fees, and costs. Prior to filing this Action, Plaintiff sent notice of alleged Labor Code violations to the California Labor and Workforce Development Agency (the "LWDA") pursuant to Labor Code § 2699.3.

Plaintiff alleges that Defendant violated Labor Code § 226(a) because the wage statements do not show the applicable hourly rates of pay and number of hours worked whenever "Premium" and/or "ONCALPAY" wages were paid. Instead, the wage statements only identified the gross amount of wages earned for "Premium" and/or "ONCALPAY" wages.

On the other hand, Defendant contends that its wage statements comply with the requirements of Labor Code § 226 and that Plaintiff suffered no injury.

**B.     Procedural Background**

**1.     Summary of the Litigation**

On June 1, 2020, Plaintiff filed his Complaint for violation of Labor Code §§ 226(a) and 2698, *et seq.* in the Superior Court of California, County of Riverside. (Rosenthal Decl.") ¶ 2.) On August 7, 2020, Defendant filed a Notice of Removal of Civil Action to Federal Court in the United States District Court, Central District of California. (*Id*. ¶ 3.)

The Parties subsequently agreed to private mediation and engaged in the same with well-respected mediator Steve Rottman, Esq. on November 23, 2020. Following the exchange of information and arm's-length negotiations, the Parties were able to reach a settlement. (*Id*. ¶ 4.)

10

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On April 8, 2021, this Court granted Plaintiff's Motion for Preliminary Approval. (Docket No. 24.)

### 2. Summary of the Investigation and Discovery

The Parties have served their Initial Disclosures and engaged in a meet and confer process regarding the data necessary to perform a damage analysis and engage in a meaningful mediation. In connection with mediation, Defendant provided certain class payroll data for Plaintiff to review and analyze. (Rosenthal Decl. ¶ 8.)

## V. THE SETTLEMENT

The Settlement terms were summarized in detail in the Motion for Preliminary Approval, and Plaintiff respectfully incorporates those arguments herein so as to avoid unnecessary duplication. The specific terms of the settlement are set forth in the Settlement Agreement filed on March 12, 2021. (Docket No. 23-6.) The principal terms are:

    a.    Defendant will pay a Gross Settlement Amount of $450,000.00. This sum includes payments made to the settlement class members, Class Representative enhancement award, award of attorneys' fees and costs, and settlement administration costs.

    b.    The sum available for use for payments to Class Members after the enhancement award, award of attorneys' fees and costs, and settlement administration costs is the Net Settlement Amount. Defendant agree that it shall pay the entirety (100%) of the Net Settlement Amount. **In other words, the settlement is non-reversionary, meaning that no funds will revert back to Defendant.**

    c.    No claim forms were necessary for any Class Member to participate in the settlement and receive their share of the settlement. Thus, any Class Member who did not opt-out in connection with this settlement notice will automatically receive his/her share of the settlement proceeds. On average, each Class Member

will receive approximately a payment of $647.49, with the highest payment being $2,216.97. (Admin. Decl. ¶ 12.)

d.  All of this Court's orders in connection with the settlement administration process have been followed. (*See generally* Admin. Decl.)

The settlement represents a compromise between the positions and evaluations of the two sides to this controversy. Clearly, there were significant disagreements between the Parties as to the facts and the law.

## VI. THE SETTLEMENT EXCEEDS THE STANDARDS FOR FINAL APPROVAL

Federal Rule of Civil Procedure 23(e) provides that any compromise of a class action must receive Court approval. The court has broad discretion to grant such approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2nd Cir. 2000). In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The fairness, reasonableness and adequacy of any class action settlement depends on "the relative strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; ... and the reaction of class members to the proposed settlement." *Hanlon* 150 F.3d at 1026. Here, as set forth in the Motion for Preliminary Approval and discussed below, the factors for final approval of this settlement have been established.

//

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

### A. The Strength of Plaintiff's Case Supports Settlement

This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *Chun–Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). As noted above, while Plaintiff believes that the Class could be certified and that there is ample case law to support Plaintiff's contentions in this matter, there was no guarantee. As noted by the Court in its Order Granting Preliminary Approval, "Without settlement, the parties would be required to litigate class certification, the ultimate merits of the case, and any appeal – a process which the Court acknowledges is long and expensive." (Docket No. 24 at 8.)

Therefore, this factor favors settlement. *See Dyer v. Wells Fargo Bank, N.A.*, 2014 WL 5369395, at *3 (N.D. Cal. Oct. 22, 2014) (factor favors final approval where "[p]laintiffs acknowledge that, if the settlement is not approved, they will encounter significant obstacles in establishing their claims"); *see also Moore v. Verizon Commc'ns Inc.*, 2013 WL 4610764, at *5 (N.D. Cal. Aug. 28, 2013) (finding that the relative strength of plaintiffs' case favored settlement because plaintiffs admitted they would face hurdles in proving liability and damages).

### B. Risks, Expense, and Duration of Continued Litigation Supports Settlement

"Difficulties and risks in litigating weigh in favor of approving a class settlement." *Dyer*, 2014 WL 5369395, at *3 (citation omitted). Briefing on class certification, liability and damages, including with respect to any anticipated motion for summary judgment, as well as preparation for trial would have been time-consuming and expensive. Moreover, Plaintiff acknowledges that there was a significant risk that Plaintiff would recover nothing for himself and the Class after further protracted litigation. Thus, the risks, expense, and duration of continued litigation favor final approval of the settlement. *See Dyer*, 2014 WL 5369395, at *3 ("This factor supports final approval of this settlement because, without a

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

//

### C. The Settlement Amount Favors Settlement

The standard of review for class settlements is whether the Settlement is within a range of reasonableness. As Professor Newberg comments:

> "Recognizing that there may always be a difference of opinion as to the appropriate value of settlement, the courts have refused to substitute their judgment for that of the proponents. Instead the courts have reviewed settlements with the intent of determining whether they are within a range of reasonableness.…"

Alba Conte & Herbert B. Newberg, *4 Newberg on Class Actions* § 11.45 (4th ed. 2002).

Numerous courts have held that **gross** settlements approximating between only 8 and 25% of the defendant's potential exposure are fair and reasonable. *See*, *e.g.*, *In re Mego Fin. Corp. Secs. Litig.*, 213 F.3d 454, 459 (9th Cir.2000) (holding that class action settlement recovering 16% of potential exposure was fair and reasonable; "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair. Rather, the fairness and the adequacy of the settlement should be assessed relative to risks of pursuing the litigation to judgment"; noting that whether the settlement is fair and adequate depends on the "the difficulties in proving the case"); *Bellinghausen v. Tractor Supply Co.*, No. 13-CV-02377-JSC, 2015 WL 1289342, at *6 (N.D. Cal. Mar. 20, 2015) (holding that class action settlement recovering between 8.5% and 25% of the defendant's potential exposure was fair).

Here, the settlement is approximately 55% of the estimated potential recovery. (Rosenthal Decl. ¶ 10.) As noted by the Court in its Order Granting

Preliminary Approval, "[g]iven the difficulties posed to each individual of pursuing his or her claim, the Court finds the settlmenet amount is potentially fair." (Docket No. 24 at 8.) The settlement fund is non-reversionary, such that 100% of the Net Settlement Amount will be available for distribution to Class Members who do not opt-out. Moreover, the settlement did not require claim forms. Rather, Class Members who did not opt-out will receive a check. Further, the settlement fund will be paid out entirely in cash (as opposed to a voucher, coupon, etc.). In addition, as set forth in the Settlement Agreement, the class release is expressly limited to the class and representative claims asserted in this case.

Moreover, courts have acknowledged that, even if the court has concerns about the class recovery, the lack of objection to the recovery by the class weighs in favor of finding that the settlement amount is fair and reasonable. *See Chun-Hoon*, 716 F. Supp. 2d at 851. In *Chun-Hoon*, although the court had concerns about the adequacy of the settlement during preliminary certification, the lack of objection to the settlement aided the court in determining that the settlement was beneficial to the class. *Id*. Here, not a single objection was filed.

Finally, in comparison to other class action cases based purported violations of Labor Code § 226, the current Settlement is well above the prior approved settlements. For example, in *Merchant v. OfficeTeam* (Los Angeles Superior Court Case No. BC461652), the average value per wage statement was $10 per wage statement ($1,500,000 divided by 147,610 wage statements). (Rosenthal Decl. ¶ 15.) In *McKenzie v. Federal Express Corp.* (C.D. Cal. Case No. CV10-02420 GAF), the average value per wage statement was $17.00 ($8,250,000 divided by 484,928 wage statements). (*Id.*) In the present case, the average value per wage statement is approximately $54.48 per wage statement ($450,000.00 divided by 8,260 wage statements). (*Id.*) Thus, the value of the Settlement in this case is more than other class actions that were approved by the various courts.

As such, this settlement should be viewed favorably.

### D. The Extent of Investigation Favors Settlement

The Parties have served their Initial Disclosures and engaged in a meet and confer process regarding the data necessary to perform a damage analysis and engage in a meaningful mediation. (Rosenthal Decl. ¶ 8.) In connection with the mediation, Defendant provided certain class payroll data for Plaintiff to review and analyze. (*Id.*)

Courts have held that such discovery is sufficient for parties to make an informed decision regarding the adequacy of the settlement. *See, e.g.*, *Chun-Hoon*, 716 F. Supp. 2d at 848 ("true value of the class claims is well-known and class counsel possess a sufficient understanding of the issues involved and the strengths and weaknesses of the case"); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (formal discovery not necessary where the parties have sufficient information to make an informed decision about settlement).

### E. The Recommendations of Counsel Favor Approval of the Settlement

The recommendations of experienced counsel should be given considerable weight. *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight."); *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983); *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983); *Armstrong v. Board of Sch. Dirs.*, 616 F.2d 305, 325 (7th Cir. 1980).

Lead counsel for Plaintiff has broad experience litigating employment class actions. (Declaration of Larry W. Lee ("Lee Decl.") ¶¶ 6-11; Declaration of Kristen M. Agnew ("Agnew Decl.") ¶¶ 6-13; Rosenthal Decl. ¶¶ 17-19; Declaration of William L. Marder ("Marder Decl.") ¶¶ 7-12.) They support this settlement as a fair and reasonable settlement which is in the best interest of the

settlement class. (Lee Decl. ¶ 2; Agnew Decl. ¶ 3; Rosenthal Decl. ¶ 14; Marder Decl. ¶ 4.)

Therefore, this factor favors approval of the settlement. *See Dyer*, 2014 WL 5369395, at *3 (recommendation of plaintiffs' counsel supports approval of settlement); *Chun-Hoon*, 716 F. Supp. 2d at 848 (same).

### F. The Class Has Responded Favorably to the Proposed Settlement

"[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that" the settlement is favorable to class members. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008); *see Pallas v. Pacific Bell*, 1999 WL 1209495, at *6 (N.D. Cal. July 13, 1999) ("The greater the number of objectors, the heavier the burden on the proponents of settlement to prove fairness.").

Here, not a single objection was filed. (Admin. Decl. ¶ 11.) Further, zero individuals have opted out of this settlement. (*Id*. ¶ 10.) In other words, this settlement has a 100% participation rate and not a single objection. (*Id*. ¶¶ 10-11.) Thus, the lack of any objections and opt-outs strongly support the fairness of the settlement. *See Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (approving settlement with 45 objections and 500 opt-outs from a 90,000-person class, representing .05% and .56% of the class, respectively); *Dyer*, 2014 WL 5369395, at *4 (strong support from class in favor of approving settlement where only three of 8,695 class members opted out); *Chun–Hoon*, 716 F. Supp. 2d at 852 (where 16 of 329 class members opted out, court found that positive class reaction "strongly supports settlement").

### G. The Procedure Through Which the Settlement Was Achieved Supports Final Approval

The Ninth Circuit has recognized that the factors to be examined at final approval may differ depending on the circumstance of each case. *Officers for Justice*, 688 F.2d 615, 625 (9th Cir. 1982). Therefore, although not one of the

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Officers for Justice listed factors, the procedures by which the settlement was achieved also strongly support the fairness of the settlement. *See Chun-Hoon*, 716 F. Supp. 2d at 851 ("To these factors, the court adds as a ninth factor to consider the procedure by which the settlement was arrived at"), citing *Manual for Complex Litigation, Fourth* § 21.6 (Fed. Jud. Ct., 4th ed. 2004). As noted above, the Parties participated in an arm's-length negotiation, facilitated by a professional mediator with significant class action experience. This weighs in favor of approval of the settlement. *See Chun-Hoon*, 716 F. Supp. 2d at 851 (finding that use of formal arm's-length mediation supported approval of settlement agreement).

Further, the Ninth Circuit has shown longstanding support of settlements reached through arm's-length negotiation by capable opponents. In *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), the Ninth Circuit expressly opined that courts should defer to the "private consensual decision of the [settling] parties." *Id*. at 965, citing *Hanlon*, 150 F.3d at 1027. The primary reason for deferring to such settlements is the experience of counsel and the participation of a neutral, both of which factors are present here.

The *Rodriguez* Court "put a good deal of stock in the product of an arms' length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested." *Rodriguez*, 563 F.3d at 965 (citations omitted). As the Court explained, "[i]n reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlements by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." *Id*. at 965 (citations omitted). *See also Williams v. Vukovich*, 720 F.2d 909, 922-923 (6th Cir.1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); *4 Newberg on Class Actions* § 11.24 (4th ed. 2002 & Supp. 2002); *Manual for Complex Litigation, Fourth* § 30.42.)

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The proposed settlement has no deficiencies. There is no standard or benchmark for determining whether any given settlement is fair. "Ultimately the district court's determination is nothing more than 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice v. Civil Service Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th. Cir. 1982) (citation omitted). In making its determination, the Court should weigh the benefits that the settlement will realize for the class against the uncertainty of litigation and the possibility that the class members would obtain no relief in theabsence of a settlement. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements"). As noted by the Court in its Order Granting Preliminary Approval, "[g]iven the difficulties posed to each individual of pursuing his or her claim, the Court finds the settlement amount is potentially fair." (Docket No. 24 at 8.)

The Settlement has been reached after considerable investigation, litigation, negotiation, and involving the mediation efforts of a highly experienced mediator. Each side evaluated the strengths and weaknesses of their case and independently came to the conclusion that this Settlement represents a responsible means of addressing the claims of Plaintiff and the Class, as well as Defendant's contention that it would prevail on the merits.

**H.    Each Class Member Has Been Informed of The 180 Day Deadline To Deposit The Settlement Checks, Will Be Informed of This Deadline Again, And Will Not Lose the Right To Claim the Money If They Fail To Timely Deposit The Check**

The Class Notice that was mailed to all Class Members stated that Class Members would have 180 days from the date of issuance to deposit the settlement checks they received. (Admin. Decl. ¶ 4, Exh. A.) . Additionally, the expiration date for the checks issued to the Class will appear on the checks. (Admin. Decl. ¶

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

13). Further, the Settlement calls for all unclaimed funds to be sent to the California State Controller's Office in the name of the particular employee. (Settlement, ¶ 63). Thus, these funds will continue to be accessible to any Class Member even after the 180 day check expiration period.

## VII. CONCLUSION

The Parties have reached this settlement following extensive litigation, ongoing case discussions, and arm's-length negotiations. Plaintiff respectfully requests that the Court:

1. Grant final approval of the proposed settlement;

2. Order payment from the settlement proceeds to the Settlement Administrator in compliance with the Settlement Agreement;

3. Grant the contemporaneously filed Motion for Award of Attorneys' Fees, Costs;

4. Enter the proposed Final Approval Order and Final Judgment submitted herewith; and

5. Retain continuing jurisdiction over the implementation, interpretation, administration, and consummation of the settlement.

DATED: June 28, 2021          DIVERSITY LAW GROUP

By:  /s/ Nicholas Rosenthal
     Larry W. Lee
     Kristen M. Agnew
     Nicholas Rosenthal
     Attorneys for Plaintiff and the Class

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**