UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-1569 JGB (SHKx)** | Date | August 2, 2021 |
|---|---|---|---|
| Title | *Richard Tobin, et al. v. Ryder Truck Rental, Inc.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Lisa Gonzalez |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Nicholas Rosenthal | Mara D. Curtis |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion for Final Approval of Class Action Settlement (Dkt. No.27); and (2) GRANTING Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. No. 27-1)

Before the Court are Plaintiff Richard Tobin's Motion for Final Approval of Class Settlement and Motion for Attorneys' Fees. ("Motion," Dkt. No. 27; "Fee Motion," Dkt. No. 27-1) (collectively, "Motions"). After considering the papers filed, as well as oral argument on August 2, 2021, the Court GRANTS both Motions.

## I. BACKGROUND

On April 21, 2020, Plaintiff filed a complaint in the Riverside County Superior Court alleging two causes of action against Defendant Ryder Truck Rental, Inc., for violation of Cal. Labor Code §§ 226 and 2698 (the California Private Attorneys General Act ("PAGA")), on behalf of himself and all others similarly situated. ("Complaint," Dkt. No. 1-1.) Defendant removed to this Court on August 7, 2020. (Dkt. No. 1.)

On March 12, 2021, Plaintiff filed an unopposed motion for preliminary approval of class action settlement, along with a proposed settlement agreement. (Dkt. No. 23; "Agreement," Dkt. No. 23-6). On April 8, 2021, the Court certified the settlement class and preliminarily approved the class settlement. ("Preliminary Approval," Dkt. No. 24.) On April 14, 2021, the Court granted the parties' request to amend the class definition. ("Class Definition Order," Dkt. No. 26.)

On June 28, 2021, Plaintiff filed the Motion, the Fee Motion, and supporting declarations. (See Motions, Dkt. Nos. 27-1-14.) Plaintiff also filed the two declarations of settlement administrator Jarrod Salinas. ("Admin. Declaration," Dkt. No. 27-13; Dkt. No. 28.)

## II.    THE SETTLEMENT AGREEMENT

The parties did not file a final settlement agreement, as the terms of the Agreement remain unchanged. (Motion at 11.)

**A.    Financial Terms**

Below is an overview of the financial terms of the Proposed Settlement:

- Gross Settlement amount: $450,000
- Attorneys' fees: $150,000
- Costs not to exceed: $12,500
- LWDA share of PAGA penalties: $50,000
- Total service award for class representative: $10,000
- Administration Costs: $9,2000

(Proposed Settlement ¶ 2.) The Admin. Declaration listed the settlement terms as follows:

- Gross Settlement amount: $450,000
- Attorneys' fees: $150,000
- Costs not to exceed: $10,820.69
- LWDA share of PAGA penalties: $37,500
- Total service award for class representative: $10,000
- Administration Costs: $8,2000

(Admin. Declaration ¶ 12.) The Admin Declaration lowers the costs from $12,500 to $10,820.69; the LWDA share of PAGA penalties from $50,000 to $37,500; and the administration costs from $9,000 to $8,200.

The $450,000 gross settlement amount is non-reversionary, so no amount will be returned to the Defendant. (Motion at 11.) Any checks issued to class members shall remain valid and negotiable for 180 days from the date of issuance. (Agreement ¶ 18.) Funds from any uncashed checks shall be held by the California State Controller's Office in the names of the class members whose checks were not cashed. (Motion at 19-20.) Because all settlement payments are for alleged penalties, there will be no employer or employee payroll taxes associated with the payments. (Agreement ¶ 71.)

//
//
//

    **B.**    **Settlement Terms**

        **1.**   **Payment and Distribution of Funds**

Subject to final approval, Defendant will transmit the gross settlement amount to the settlement administrator within ten business days of the settlement effective date. (Id. ¶ 60.) The settlement administrator shall pay each participating class member a pro rata portion of the net settlement amount within twenty business days of the settlement effective date. (Id.) Participating class members shall have 180 calendar days after mailing to cash their checks. (Id. ¶ 63.) The settlement administrator has mailed out the Class Notice to all Class Members apprising them of this deadline and represents that Class Members will be apprised of the deadline again. (Motion at 19.) This satisfies the Court's earlier questions concerning notice procedure. (See Preliminary Agreement at 5 (requiring parties to "specify whether class members shall be apprised of this deadline or mailed reminders").)

        **2.**   **Settlement Class Members**

The Class is defined as follows: "All current and former non-exempt employees of Defendant in California who were paid premium pay and/or on-call pay and received an itemized wage statement that did not include either hours and/or rate associated therewith, at any time during the period from March 30, 2019 through October 14, 2020." (Class Definition Order at 2.) There are approximately 358 potential class members. (Motion at 8.)

        **3.**   **Class Representative**

The Agreement provides for an incentive payment of $10,000 to Plaintiff for his efforts in prosecuting the action. (Agreement ¶ 2.) Plaintiff also agrees to a more general release than class members. (Id. ¶ 77.)

        **4.**   **LWDA Payment**

Subject to Court approval, the Admin. Declaration allocates $37,500 to PAGA penalties. (Admin. Declaration ¶ 12.)

        **5.**   **Settlement Administration Costs**

The Admin. Declaration allocates $8,200 to administer the settlement. (Id. ¶ 14.) (The Court previously required parties to submit a cap on the settlement administration costs in the instant Motion (see Preliminary Approval at 6). While the parties did not explicitly specify whether this figure should be considered a administration fee cap, the Court takes it to be one.)

//
//
//

### 6. Attorneys' Fees and Costs

The Admin. Declaration provides that class counsel is applying for one-third of the gross settlement amount, or $150,000, and actual litigation costs of $10,820.69. (Admin. Declaration ¶ 12.) These costs are discussed below.

### 7. Injunctive Relief

The Agreement does not contemplate any injunctive relief.

### 8. Release

In exchange for Defendant's promise to make the payments provided in the Agreement, all class members who do not opt out release the following:

> all claims, rights, demands, liabilities, causes of action, and theories of liability of every nature and description, whether known or unknown, that were or could have been alleged against any of the Released Parties arising out of, in connection with, or based on the facts alleged in the operative Complaint and/or the PAGA Letter. This includes, but may not be limited to, claims for failure to provide accurate itemized wage statements, penalties (including but not limited to civil and statutory penalties), damages, interest, costs, or attorneys' fees, and violations of any other local, state, or federal law, whether for economic damages, non-economic damages, penalties, liquidated or punitive damages, restitution, tort, contract, equitable relief, injunctive or declaratory relief, to the extent necessary to effect a full and complete release of the Class Released Claims, including, but not limited to, all claims under any common laws, contract, California Labor Code Sections 96-98.2, et seq., 218.5, 226, and any related provisions, the California Private Attorneys General Act, Labor Code Sections 2698, et seq., California Code of Civ. Proc. Section 1021.5, and/or the California Business & Professions Code Sections 17200, et seq. This release shall extend to all such claims accrued during the Class Period.

(Agreement ¶ 75.) This release includes a Cal. Civil Code § 1542 waiver. (Id. ¶ 76.)

### 9. Notice

This Court had previously found the Agreement detailed adequate procedures for the Class Administrator to follow in case of non-deliverable addresses. (Preliminary Approval at 7.) If class members wish to contest the number of qualifying pay periods assigned by the Settlement Administrator, the Proposed Settlement sets forth a procedure for doing so in writing. (Agreement ¶ 48.) Class members may opt out in writing within forty-five days after the date that the Class Administrator mails the notices. (Id. ¶¶ 48, 9.)

The Class Administrator mailed notice packets to class members on May 21, 2021. (Admin. Declaration ¶ 7.) Of those, two were returned and remailed to the forwarding address listed, and four were remailed after updated addresses were located through advanced address searches. (Id. ¶¶ 8-9.) One class notice was undeliverable.

### III.    LEGAL STANDARD

**A.    Class Action Settlement**

Class action settlements must be approved by the Court. See Fed. R. Civ. P. 23(e). Whether to approve a class action settlement is "committed to the sound discretion of the trial judge." Class Plaintiffs v. Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). A strong judicial policy favors settlement of class actions. Id.

Nevertheless, the Court must examine the settlement as a whole for overall fairness. Cheng Jiangchen v. Rentech, Inc., 2019 WL 5173771, at *5 (C.D. Cal. Oct. 10, 2019) (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)). Neither district courts nor appellate courts have the power to delete, modify, or substitute provisions in the negotiated settlement agreement. Hanlon, 150 F.3d at 1026. "The settlement must stand or fall in its entirety." Id.

In order to approve a class action settlement, the court must conduct a three-step inquiry. See Adoma v. Univ. of Phoenix, Inc., 913 F. Supp. 2d 964, 972 (E.D. Cal. 2012). First, it assesses whether the parties have met notice requirements under the Class Action Fairness Act. Id. Next, it determines whether the notice requirements of Federal Rule of Civil Procedure 23(c)(2)(B) have been satisfied. Id. Finally, the court must find that the proposed settlement is fair, reasonable, and adequate under Rule 23(e)(2). Id.

**B.    Attorneys' Fees**

The procedure for requesting attorneys' fees is set forth in Rule 54(d)(2) of the Federal Rules of Civil Procedure. While the rule specifies that requests shall be made by motion "unless the substantive law governing the action provides for the recovery of . . . fees as an element of damages to be proved at trial," the rule does not itself authorize the awarding of fees. "Rather, [Rule 54(d)(2)] and the accompanying advisory committee comment recognize that there must be another source of authority for such an award . . . [in order to] give[] effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute or contract authorizing such an award." MRO Commc'ns, Inc. v. AT&T Co., 197 F.3d 1276, 1281 (9th Cir. 1999).

In class actions, statutory provisions and the common fund exception to the "American Rule" provide the authority for awarding attorneys' fees. See Newberg on Class Actions § 14.1 (4th ed. 2005) ("Two significant exceptions [to the 'American Rule'] are statutory fee-shifting provisions and the equitable common-fund doctrine"). Rule 23(h) authorizes a court to award

"reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. Proc. 23(h). Under normal circumstances, once it is established that a party is entitled to attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

## IV. DISCUSSION

### A. Rule 23(a) and (b) Requirements

In its April 8, 2021 Order granting approval of the Plaintiff's Motion for Preliminary Approval, the Court certified a provisional settlement class under Rule 23(b)(3). (Preliminary Approval at 4-5.) The Court "need not find anew that the settlement class meets the certification requirements of Rule 23(a) and (b)." Adoma v. Univ. of Phoenix, Inc., 913 F. Supp. 2d 964, 974 (E.D. Cal. 2012); see also Harris v. Vector Marketing, 2012 WL 381202 at *3 (N.D. Cal. Feb. 6, 2012) ("As a preliminary matter, the Court notes that it previously certified . . . a Rule 23(b)(3) class . . . [and thus] need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed settlement is fair, adequate, and reasonable."); In re Apollo Group Inc. Securities Litigation, 2012 WL 1378677 at *4 (D. Ariz. Apr. 20, 2012). Here, the parties stipulated to an amended class definition. (See Class Definition Order.) Nevertheless, all the criteria for class certification remain satisfied, and the Court confirms its order certifying the Settlement Class.

### B. Rule 23(c)(2) Notice Requirements

Rule 23(c)(2)(B) requires that the Court "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Similarly, Rule 23(e)(1) requires that a proposed settlement may only be approved after notice is directed in a reasonable manner to all class members who would be bound by the agreement. Fed. R. Civ. P. 23(e)(1).

In its Preliminary Approval Order, the Court approved the parties' proposed notice. (Preliminary Approval at 7.) Settlement Administrator Simpluris, Inc. ("Simpluris") has mailed class notice to 358 potential class members in a manner consistent with the Court's order. (Admin. Declaration ¶ 7.) Notice is therefore adequate.

### C. Fair, Reasonable, and Adequate

Under Rule 23(e), "the claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). "The primary concern of [Rule 23(e)] is the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco, 688 F.2d 615, 624 (9th Cir. 1982). The Court's inquiry is procedural in nature. Id. Pursuant to Rule 23(e)(2), "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable,

and adequate." Fed. R. Civ. P. 23(e)(2). The Court held a final approval hearing via videoconference on August 2, 2021.

In determining whether a settlement agreement is fair, adequate, and reasonable to all concerned, the Court may consider some or all of the following factors:

> (1) the strength of the plaintiff's case;
> (2) the risk, expense, complexity, and likely duration of further litigation;
> (3) the risk of maintaining class action status throughout the trial;
> (4) the amount offered in settlement;
> (5) the extent of discovery completed, and the stage of the proceedings;
> (6) the experience and views of counsel;
> (7) the presence of a governmental participant;[1] and
> (8) any opposition by class members.

Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1242 (9th Cir. 1998). This list of factors is not exhaustive, and a court may balance and weigh different factors depending on the circumstances of each case. See Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1376 (9th Cir. 1993).

### 1. Strength of Plaintiff's Case

The initial fairness factor addresses Plaintiff's likelihood of success on the merits. See Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 964-65 (9th Cir. 2009). In determining the probability of Plaintiff's success on the merits, there is no "particular formula by which that outcome must be tested." Id. at 965.

The strength of Plaintiff's case—and therefore, his likelihood of success on the merits—is difficult to ascertain. This case settled approximately six months after Plaintiff filed his Complaint. (See Dkt. Nos. 1, 23, 24.) At the time of settlement, class counsel had conducted significant discovery prior to the settlement process. (Preliminary Approval at 8.) Plaintiff argues that while he believes there is ample case law to support his contentions in this matter, there was no guarantee of eventual victory. (Motion at 13.) The Court affirms its earlier finding that "without settlement, the parties would be required to litigate class certification, the ultimate merits of the case, and any appeal." (Preliminary Approval at 8.)

### 2. Risk, Expense, Complexity, and Likely Duration of Further Litigation

In assessing the risk, expense, complexity, and likely duration of further litigation, the Court evaluates the time and cost required. "[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 526 (C.D. Cal. 2004) (quoting 3 Newberg on Class Actions § 11:50 (4th ed. 2012)).

---

[1] There is no government participant.

The risk, expense, and duration of continued litigation favor final approval of the settlement. (Motion at 13.) Without the Agreement, the parties would be required to litigate the merits of the case. The parties' settlement is not "clearly inadequate;" it thus supports approval.

### 3. Amount Offered in Settlement

"Even a fractional recovery of the possible maximum recovery amount may be fair and adequate in light of the uncertainties of trial and difficulties in proving the case." Millan v. Cascade Water Servs., 310 F.R.D. 593, 611 (E.D. Cal. 2015). Plaintiff represents that settlement is approximately 55% of the estimated potential recovery. (Motion at 14.) Plaintiff's recovery amount is thus consistent with amounts found to be fair and reasonable. See, e.g., In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 459 (9th Cir. 2000) (permitting settlement amount that was one-sixth of potential recovery); Deaver v. Compass Bank, 2015 WL 8526982, at *7 (N.D. Cal. Dec. 11, 2015) (approving a settlement that was 10.7% of the total potential liability).

### 4. Extent of Discovery Completed, and the Stage of the Proceedings

This factor requires the Court to evaluate whether "the parties have sufficient information to make an informed decision about settlement." Linney, 151 F.3d at 1239. "The parties must . . . have engaged in sufficient investigation of the facts to enable the court to intelligently make an appraisal of the settlement." Acosta v. Trans Union, LLC, 243 F.R.D. 377, 396 (C.D. Cal. 2007) (internal quotation marks omitted).

Here, Plaintiff represents that the parties conducted significant discovery prior to the settlement process, including the exchange of initial disclosures. (Motion at 16.) The Court finds that this discovery is sufficient and therefore weighs in favor of approval.

### 5. Experience and Views of Counsel

In considering the adequacy of the terms of a settlement, the trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties. See DIRECTV, Inc., 221 F.R.D. at 528 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation[.]") (internal quotation marks and citations omitted). This reliance is predicated on the fact that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." In re Pac. Enters. Sec. Litig., 47 F.3d 373, 378 (9th Cir. 1995). The experience and views of counsel here support approval. (Motion at 16.)

### 6. Incentive Award

The trial court has discretion to award incentives to class representatives. See In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 463 (9th Cir. 2000); Pelletz v. Weyerhaeuser Co., 592 F.

Supp. 2d 1322, 1329 (W.D. Wash. 2009). The criteria courts have used in considering the propriety and amount of an incentive award include: (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort invested by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. Van Vranken v. Atl. Richfield Co., 901 F. Supp. 294, 299 (N.D. Cal. 1995).

The Settlement Agreement provides for a $10,000 incentive fee for Plaintiff. (Proposed Settlement ¶ 2.) The Court previously noted that although an incentive award was appropriate for Plaintiff, $10,000 was higher than most awards. (Preliminary Approval at 9.) It therefore invited Plaintiff to point to examples of similar award to named plaintiffs. (Id.) Plaintiff did so. (Fee Motion at 21.) The Court thus finds this reasonable.

### 7. Any Opposition by Class Members

The existence of overwhelming support for a settlement agreement by the class lends weight to a finding that the settlement agreement is fair, adequate, and reasonable. DIRECTV, Inc., 221 F.R.D. at 529 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

As of June 28, 2021, the Settlement Administrator Simpluris had not received any objections to the settlement or requests to opt out of the current settlement. (Motion at 8.) Thus, the Plaintiff claims there is a 100% participation rate. (Id.) This factor supports approval.

On balance, the factors support final approval of the Agreement. The Agreement is fair, adequate, and reasonable.

**D.     Attorneys' Fees and Costs**

### 1. Attorneys' Fees

Courts are obligated to ensure that the attorneys' fees awarded in a class action settlement are reasonable, even if the parties have already agreed on an amount. In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011).

The Court may exercise discretion to award attorneys' fees in a class action settlement by applying either the lodestar method or the percentage-of-the-fund method. Fischel v. Equitable Life Assurance Soc'y of U.S., 307 F.3d 997, 1006 (9th Cir. 2002). The Court determines the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. McGrath v. Cty. of Nevada, 67 F.3d 248, 252 (9th Cir. 1995). The hourly rates used to calculate the lodestar must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v.

Stenson, 465 U.S. 886, 895 n.11 (1984).  Next, the Court must decide whether to adjust the "presumptively reasonable" lodestar figure based upon the factors listed in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation, Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1028-29 (9th Cir. 2000).  Under the percentage-of-the-fund method, an award of twenty-five percent of the gross settlement amount is the "benchmark" for attorneys' fees calculations.  Powers v. Eichen, 229 F.3d 1249, 1256-57 (9th Cir. 2000).

Plaintiff and his counsel request an attorneys' fee in the amount of $150,000, or one-third of the common fund.  (Fee Motion at 7.)  Plaintiff's counsel represents that the lodestar is $114,700, and that therefore the multiplier is 1.31.  The Court finds this reasonable and approves an award of the requested amount.

### 2. Costs

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. Proc. 23(h); see Trans Container Servs. v. Sec. Forwarders, Inc., 752 F.2d 483, 488 (9th Cir. 1985).  "Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable."  Rutti v. Lojack Corp., Inc., 2012 WL 3151077, at *12 (C.D. Cal. July 31, 2012).

Plaintiff's requested amount of $10,820 in costs is reasonable.  (Fee Motion at 8.)  The Court approves an award of these costs.

## V.     CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion and Fee Motion.  The Court:

(1) GRANTS final settlement approval;
(2) GRANTS Plaintiff's request for attorneys' fees of $150,000;
(3) GRANTS the request for costs and AWARDS Class Counsel $10.820 in costs;
(4) GRANTS the request for an incentive award and AWARDS $10,000 to Plaintiff Richard Tobin; and
(5) DISMISSES the Complaint WITH PREJUDICE.

**IT IS SO ORDERED.**